**SINNETT LAW, APC.**
Wayne A. Sinnett (SBN: 302987)
ws@sinlegal.com
Crystal T. Innabi (SBN: 316434)
ci@sinlegal.com
770 L Street, Suite 950
Sacramento, CA 95814
Tel: (619) 752-0703
Fax: (619) 330-2120

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES WILLOUGHBY,** an individual,<br><br>Plaintiff,<br><br>v.<br><br>**CASHBAK, LLC. d/b/a CASHBACK LOANS,**<br><br>Defendant. | **Case No.:** 5:18-CV-01910<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br><br>1.) **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, ET SEQ;**<br><br>2.) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiff, JAMES WILLOUGHBY, ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available remedies, resulting from the unlawful debt collection practices of Defendant, CASHBAK, LLC. d/b/a CASHBACK LOANS, ("CASHBACK").

2. Like many Americans in the past decade, Plaintiff has faced financial hardship in the wake of the financial collapse and subsequent recession. As Plaintiff's financial status deteriorated, he sought out and retained an attorney to help deal with his growing indebtedness. After being subjected to daily harassing calls from creditors, Plaintiff decided to file a Chapter 7 Bankruptcy.

3. Defendant received notice from the Bankruptcy Court regarding Plaintiff's filing and the fact he was represented by counsel with respect to the debts at issue in this case. The Bankruptcy Court's notice also effected an automatic stay and informed all of Plaintiff's creditors that upon the filing of the Bankruptcy: "*Creditors cannot demand repayment from debtors by mail, phone, or otherwise.*"

4. Defendant is aware of the automatic stay and that Plaintiff is represented by counsel but intentionally subverted Plaintiff's counsel and contacted Plaintiff directly with frequent phone calls demanding payment. This conduct is specifically prohibited by both state and federal consumer protection laws and violates the fundamental right of consumers and litigants to be represented by counsel of their choosing.

5. As alleged herein, Defendant's conduct violated: (i) The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

6. Defendant's actions described herein have caused damage to Plaintiff. Defendant's constant harassing phone calls and letters has forced Plaintiff to

forgo answering phone calls and has caused Plaintiff to suffer damages by mental and emotional pain, anguish, humiliation and embarrassment. Plaintiff has further spent several hours in attempting to stop Defendant's unlawful and harassing conduct.

7. Plaintiff alleges the following upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorney.

8. Unless otherwise stated, Plaintiff alleges any violations by Defendant were knowing, intentional, and malicious, and Defendant did not maintain procedures reasonably adapted to avoid such violations.

9. Unless otherwise indicated, any Defendant named in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

10. Unless otherwise stated, all the conduct engaged in by Defendant occurred in the State of California.

11. At all times relevant, Plaintiff was an individual residing within the State of California.

12. All correspondence referenced herein was sent to Plaintiff at an address located within the State of California using U.S. mail.

## JURISDICTION AND VENUE

13. This action arises out of Defendant's violations of: (i) The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*; and (ii) The Rosenthal Fair Debt Collection Practices Act, ("RFDCPA") Cal. Civ. Code § 1788, *et seq*.

14. Therefore, jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 for supplemental state law claims.

15. The Court has personal jurisdiction over Defendant as they conduct business

within the State of California and have purposefully availed themselves of the laws and markets of the State of California and this district.

16. Venue is proper in the United States District Court, Central District of California as: (i) Plaintiff resides in the County of San Bernardino, State of California, which is within this judicial district; and (ii) the conduct complained of herein occurred within this judicial district.

## PARTIES

17. Plaintiff, JAMES WILLOUGHBY, ("Plaintiff") is a natural person who resides in the City of Highland, County of San Bernardino, State of California, from whom a debt collector sought to collect a consumer debt, which was alleged to be due and owing from Plaintiff. Plaintiff is therefore a "debtor" as that term is defined by Cal. Civ. Code § 1788.2(h). In addition, Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

18. Defendant, CASHBAK, LLC. d/b/a CASHBACK LOANS, ("CASHBACK") is a California limited liability corporation.

19. CASHBACK is a "person" as that term is defined by 47 U.S.C. § 153(39).

20. CASHBACK, regularly and in the ordinary course of business, engages in "debt collection" as that term is defined by Cal. Civ. Code § 1788.2(b) and is therefore a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c). Such debt collection is conducted upon debts or alleged debts that are in default at the time of said collection activities.

21. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

22. Sometime before June of 2018, Plaintiff is alleged to have defaulted on a payday loan to Defendant, in the amount of $300, (the "Debt").

23. The Debt was incurred primarily for personal, family or household purposes and is therefore a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

24. In the face of financial hardship, Plaintiff sought out legal help from an attorney to deal with his growing financial problems.

25. In or around June of 2018, Plaintiff sought out and retained an attorney to help deal with his indebtedness.

26. On June 24, 2018, Plaintiff filed a Chapter 7 Bankruptcy.

27. On June 26, 2018, the Bankruptcy Court served "Notices of Chapter 7 Bankruptcy," ("BNC Notices") on all of Plaintiff's creditors, including Defendant.

28. The Notice identified Plaintiff's Bankruptcy Counsel by stating "Debtor's Attorney Name and Address" followed by the name and address of Plaintiff's bankruptcy counsel. The BNC Notice specifically stated Plaintiff was represented by counsel and listed Plaintiff's bankruptcy counsel's name and address.

29. The Notice also effected an automatic stay and informed all of Plaintiff's creditors that upon the filing of the Bankruptcy: *Creditors cannot demand repayment from debtors by mail, phone, or otherwise.*

30. In sum, the BNC Notice: (i) provided Defendant with actual notice of Plaintiff having retained an attorney with respect to the Debt; (ii) effected an automatic stay with respect to all collection attempts; and (iii) provided Defendant with written notice of Plaintiff's attorney's contact information, including name and address.

31. Despite having received express written notice that Plaintiff had retained counsel and to cease all communications and debt collection efforts, Defendant continued to contact Plaintiff directly to collect on the Debt. Specifically, on August 4, 2018, Defendant mailed a letter to Plaintiff

demanding payment on the Debt. The letter stated the Debt was "30-60 days past due."

32. Defendant received the BNC Notice on or about June 26, 2018. Therefore, when Defendant contacted Plaintiff, Defendant knew that an automatic stay was in place, that Plaintiff was represented by counsel and that all communications regarding the Debt should be directed to Plaintiff's attorney.

33. Defendant ignored the automatic stay and Plaintiff's invocation of counsel and simply continued to contact him to demand payment on the Debt.

34. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692c(a)(2) by communicating with a consumer known to be represented by an attorney; (ii) 15 U.S.C. § 1692c(c) by communicating with a consumer after the consumer notified the debt collector that they wished the debt collector cease further communications; (iii) 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

35. Through this conduct, Defendant also violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff when Defendant had been previously notified in writing that Plaintiff was represented by an attorney with respect to the Debt.

36. In addition, despite having received express written notice that Plaintiff had retained counsel and to cease all communications and debt collection efforts, Defendant continued to contact Plaintiff directly by phone to collect on the Debt.

37. Specifically, Defendant contacted Plaintiff on his cellular telephone on at least four (4) separate occasions including but not limited to: (1) August 22, 2018;

(2) August 23, 2018; (3) August 24, 2018; and (4) August 29, 2018.

38. Each of these calls was made from telephone numbers associated with Defendant.

39. Defendant received the BNC Notice on or about June 26, 2018. Therefore, when Defendant contacted Plaintiff, Defendant knew that an automatic stay was in place, that Plaintiff was represented by counsel and that all communications regarding the Debt should be directed to Plaintiff's attorney.

40. Defendant ignored the automatic stay and Plaintiff's invocation of counsel and simply continued to call Plaintiff to demand payment on the Debt including, but not limited to, the instances stated above.

41. Through the date of filing this Complaint, Defendant continues to contact Plaintiff by telephone in an attempt to collect upon the Debt.

42. Through this conduct, Defendant violated: (i) 15 U.S.C. § 1692c(a)(2) by communicating with a consumer known to be represented by an attorney; (ii) 15 U.S.C. § 1692c(c) by communicating with a consumer after the consumer notified the debt collector that they wished the debt collector cease further communications; (iii) 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt; and (iv) 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. These sections are incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, Defendant also violated Cal. Civ. Code § 1788.17.

43. Through this conduct, Defendant also violated Cal. Civ. Code § 1788.14(c) by initiating communications with Plaintiff when Defendant had been previously notified in writing that Plaintiff was represented by an attorney with respect to the Debt.

44. Additionally, the calls Defendant placed to Plaintiff's cellular phone described in paragraph 38 of this Complaint, were placed using an "automatic telephone

dialing system" ("ATDS") as that term is defined by 47 U.S.C. § 227 (a)(1) and/or used an automated or prerecorded voice as that term is defined and used by 47 U.S.C. § 227 (b)(1)(A).

45. The ATDS used for these calls has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

46. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

47. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

48. Through the BNC Notice, Plaintiff effected a revocation of his consent to be contacted by Defendant by any means including consent to be contacted within the meaning of the TCPA, 47 U.S.C. § 227, *et seq*. Thus, the calls were made without the prior express consent of Plaintiff.

49. Through this conduct, Defendant violated 47 U.S.C. § 227 (b)(1)(A) by making any call, other than a call made for emergency purposes or made with the prior express consent of the called party, using an automatic telephone dialing system and/or an artificial or prerecorded voice.

### FIRST CAUSE OF ACTION FOR INTENTIONAL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227 ET SEQ.
### [AGAINST CASHBACK]

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

52. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

53. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION FOR NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA") 47 U.S.C. § 227 ET SEQ.
### [AGAINST CASHBANK]

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

56. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

57. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT ("RFDCPA") CAL. CIV. CODE § 1788, ET SEQ.
### [AGAINST CASHBACK]

58. Plaintiff incorporates, by reference, all of the above paragraphs of this Complaint as though fully stated herein.

59. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

///

60. Cal. Civ. Code § 1788.17 incorporates the FDCPA (15 U.S.C. § 1692b through 1692j). Therefore, each of stated violations of the FDCPA also constitutes a violation of the RFDCPA (Cal. Civ. Code § 1788.17).

61. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for knowing or willful violations in the amount of up to $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, according to such causes of action stated against each Defendant, as follows:

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);
- As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C);
- Injunctive relief Pursuant to 47 U.S.C. § 227(b)(3)(A);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, from each Defendant, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- That the Court preliminarily and permanently enjoin Defendant from engaging in the unlawful debt collection practices stated herein; and
- Any and all other relief that this Court deems just and proper.

///

| | | |
|---|---|---|
| Dated: September 7, 2018 | | Respectfully submitted, |
| | | **SINNETT LAW, APC.** |
| | | BY: /S/ CRYSTAL T. INNABI <br> CRYSTAL T. INNABI, ESQ. <br> ATTORNEY FOR PLAINTIFF |

## TRIAL BY JURY

62. Pursuant to the Seventh Amendment in the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

| | | |
|---|---|---|
| Dated: September 7, 2018 | | Respectfully submitted, |
| | | **SINNETT LAW, APC.** |
| | | BY: /S/ CRYSTAL T. INNABI <br> CRYSTAL T. INNABI, ESQ. <br> ATTORNEY FOR PLAINTIFF |